IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE**, <br><br> *Plaintiff*, <br><br> v. <br><br> **MICHAEL OESER, et al.**, <br><br> *Defendants*. | **Case No.  2:22-cv-04919-JDW** |

### ORDER

**AND NOW**, this 11th day of January, 2023, upon consideration of Plaintiff Jane Doe's Motion For Leave To Proceed Under Pseudonym Anonymously (ECF No. 8), the Court notes as follows.

1. Ms. Doe's Complaint alleges that on November 8, 2021, Defendant Michael Oeser stalked, harassed, and sexually assaulted her while they attended a work-related conference at a Marriott hotel in Philadelphia, Pennsylvania.  Specifically, Ms. Doe alleges that while he was intoxicated, Mr. Oeser made "racially disparaging offers of employment" to Ms. Doe to work as a babysitter for his children and that he sexually assaulted her by "forcibly and inappropriately smack[ing] [her] buttocks …."  (ECF No. 1, Complaint at ¶¶ 52, 55.)  All of her claims stem from this incident.  Necessarily, then, this lawsuit will involve details surrounding the alleged sexual assault and Ms. Doe's resulting injuries.  Given the

nature of her claims, Ms. Doe wants to maintain her privacy, but her preference for privacy is not a sufficient reason to permit her to litigate this case using a pseudonym.

2. Federal Rule of Civil Procedure 10(a) requires all parties to be named in the case caption. *See* Fed. R. Civ. P. 10(a). This rule "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation omitted). Indeed, "[t]he people have a right to know who is using their courts." *Id.* (same). Thus, a party will be permitted to proceed on an anonymous basis only in "exceptional cases." *Id.* The potential for embarrassment is not sufficient. *Id.* (citation omitted). Instead, to proceed using a pseudonym, the movant "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quotation omitted). Once the party makes that showing, the Court must consider a variety of factors to determine whether that party's reasonable fear of severe harm outweighs "the public's strong interest in an open litigation process." *Id.* The Court need not consider those factors at this time, however, because Ms. Doe has not made the requisite showing of a reasonable fear of severe harm.

3. Ms. Doe points to four alleged harms that she fears will occur if her identity is disclosed: (a) she "will be re-traumatized as a survivor of assault;" (b) she "will be subject to public ridicule and scorn;" (c) she "will be subject to other emotional and reputational harms;" and (d) her "safety may be compromised through actions of [Mr. Oeser] and/or those that support him." (ECF No. 8-1 at ¶ 7.)

4. As an initial matter, the Court has no doubt that victims of sexual assault might face stigmatization. Indeed, Defendants do not challenge that assertion. However, the fact that a plaintiff is a victim of sexual assault is not, on its own, a reason to permit her to proceed anonymously. Nor does that fact turn the case into an exceptional one. Unfortunately, sexual harassment and sexual assaults are a common theme before the Court. Likewise, "[a]lthough all sexual assaults are reprehensible, there are degrees of sexual assault[.]" *Drumgo v. Kuschel*, No. 14-cv-1135, 2022 WL 3646349, at *5 n.4 (D. Del. Aug. 24, 2022).

5. At this stage, accepting as true Ms. Doe's allegation that Mr. Oeser slapped her buttocks, that allegation (while reprehensible), falls on the lower end of the sexual assault spectrum. As a result, this case is distinguishable from other cases in which courts permitted victims of sexual abuse and rape to proceed on anonymously. Given the nature of the alleged sexual assault that occurred in this case—a drunken man slapping Ms. Doe's buttocks—Ms. Doe has not demonstrated a reasonable fear of severe ridicule, scorn, or reputational harm, or a reasonable fear for her personal safety. There are no allegations in the Complaint or Ms. Doe's declaration to suggest that Mr. Oeser would attempt to compromise her safety. In fact, as Ms. Doe acknowledges, Mr. Oeser and the other Defendants already know her identity, so requiring her to use her name to litigate this matter would not expose her to any greater risk of harm, if such a risk even exists in the first place.

6.      Ms. Doe's fear of further emotional harm and re-traumatization presents a closer call.  Certainly, Ms. Doe has presented evidence that she has been injured by Defendants' acts and omissions and has undergone therapy and treatment to recover from those injuries.  At this stage, the Court has no reason to doubt that Ms. Doe has a fear of suffering further emotional harm related to this case.  However, Ms. Doe has not provided a sufficient explanation as to why that harm would result from the disclosure of her name, as opposed to litigating the matter and having to re-visit the details of her assault multiple times over the life of this case.  Therefore, the Court cannot conclude that her fear of harm from public disclosure, as opposed to harm from litigation, is reasonable.

In light of the foregoing, it is **ORDERED** that Plaintiff Jane Doe's Motion For Leave To Proceed Under Pseudonym Anonymously (ECF No. 8) is **DENIED**.

It is **FURTHER ORDERED** that Ms. Doe shall file an Amended Complaint, using her real name, by January 18, 2023.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.