**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Alcira Burgdoerfer<br>c/o Laffey, Bucci & Kent LLP<br>1435 Walnut Street, 7th Floor<br>Philadelphia, PA 19102<br>&<br>c/o Mark David Shirian P.C.<br>228 East 45th Street, Suite 1700-B<br>New York, NY 10017<br><br>        Plaintiff<br>   v.<br><br>Michael Oeser, individually and in his official capacity<br>Sorling Northrup<br>c/o Brian D. Lee, Esq.<br>1 North Old State Capitol Plaza, Suite 200<br>P.O. Box 5131<br>Springfield, IL 62705<br>        and<br>The Prudential Insurance Company of America<br>28 Liberty Street<br>New York, NY 10005<br>        and<br>Marriott Hotel Services, Inc.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>        and<br>Million Dollar Round Table<br>325 West Touhy Avenue<br>Park Ridge, IL 60068<br>        Defendants | Civil Action No.: 2:22-cv-04919-JDW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff Alcira Burgdoerfer hereby submits this First Amended Complaint against

Defendants Michael Oeser, individually and in his official capacity, The Prudential Insurance

1

Company of America, Marriott Hotel Services, Inc., and Million Dollar Round Table, alleging as follows:

**PARTIES**

1.      Plaintiff, Alcira Burgdoerfer, is a married Hispanic female who resides in the County of Suffolk, State of New York.

2.      Defendant, The Prudential Insurance Company of America, (hereinafter referred to as "PRUDENTIAL"), upon information and belief, is a business domestic corporation organized and existing under the laws of the State of New Jersey, authorized to conduct business in Pennsylvania and in New York, with its principal place of business located at 751 Broad Street, Newark, New Jersey 07102, and having a New York address at 28 Liberty Street, New York, New York, 10005.

3.      Defendant, Million Dollar Round Table (hereinafter referred to as "MDRT") is, and all relevant times mentioned herein was, a corporation organized under the laws of the State of Illinois.  MDRT's primary place of business is located at 325 W. Touhy Avenue, Park Ridge, IL 60068.

4.      At all relevant times to this action, Defendant MDRT operated a bar known at the Marriott Downtown Philadelphia and has a liquor license granted to it for the retail sale, furnishing, serving and supplying of alcoholic beverages and maintained an address for service at the above address.

5.      Defendant, Marriott Hotel Services, Inc. is, and at all relevant times mentioned herein was, and is a foreign business corporation authorized to do business in the Commonwealth of Pennsylvania. At all times hereinafter mentioned, defendant Marriott, was and is doing business at 1201 Market Street, Philadelphia, PA 19107 and has a liquor license granted to it for the retail sale, furnishing, serving and supplying of alcoholic beverages and maintained an address for service at the above address.

6.      At all times hereinafter mentioned, defendant Marriott, was and is the owner of a hotel located at 1201 Market Street, Philadelphia, PA 19107.

7.      At all times hereinafter mentioned, defendant MARRIOTT, was and presently is a hotel management company

8.      At all times hereinafter mentioned, defendant MARRIOTT, was and is responsible for the management of the hotel located at 1201 Market Street, Philadelphia, PA 19107.

9.      At all times hereinafter mentioned, defendant MARRIOTT, was and is the operator of the hotel located at 1201 Market Street, Philadelphia, PA 19107.

10.     .At all times hereinafter mentioned, defendant MARRIOTT, was and is the owner of the real property located at 1201 Market Street, Philadelphia, PA 19107.

11.     At all times hereinafter mentioned, defendant MARRIOTT, was and is the lessee of the property located at 1201 Market Street, Philadelphia, PA 19107.

12.     At all relevant times, Plaintiff was and presently is employed by THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as a Financial Advisor with Prudential Advisors

13.     That, upon information and belief, mentioned, the Defendant, MICHAEL OESER, (hereinafter OESER), was, and still is a resident of the State of Illinois.

14.     At all relevant times, Defendant, MICHAEL OESER met the definitions of an "employee" under all applicable statutes.

15.     That at all times herein mentioned, Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, was plaintiff's employer and employs in excess of 50 employees.

16.     At all relevant times, Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, has met the definition of an "employer" under all applicable statutes.

17.     That upon information and belief, and at all times hereinafter mentioned, Plaintiff,

ALCIRA BURGDOERFER, was supervised by defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as a financial advisor.

18.     That upon information and belief, and at all times hereinafter mentioned, defendant, OESER, was paid commissions by defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as a financial advisor.

19.     The cause of action herein alleged arose in the City and County of Philadelphia and Commonwealth of Pennsylvania.

20.     That upon information and belief, and at all times hereinafter mentioned, defendant, MICHAEL OESER, was an employee and/or agent of defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as a financial advisor of the premises and operating within the course and scope of his employment and/or agency.

21.     That upon information and belief, and at all times hereinafter mentioned, defendant, MICHAEL OESER, was hired by defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as a financial advisor.

22.     That upon information and belief, and at all times hereinafter mentioned, defendant, MICHAEL OESER, was supervised by defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as a financial advisor.

23.     That upon information and belief, and at all times hereinafter mentioned, defendant, MICHAEL OESER, was paid a commission by defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as an employee.

24.     At all times material hereto, defendants acted or failed to act through their agents, servants, workmen and/or employees who were then and there acting within the course and scope of such relationship.

## JURISDICTION AND VENUE

25.     This matter was originally filed in the Court of Common Pleas, Philadelphia County, No. 221100947.

26.     This matter was subsequently removed to this Court based on diversity. 28 U.S.C. § 1332.

27.     This Court now has subject matter jurisdiction over this action. 28 U.S.C. § 1332.

28.     This Court has subject matter jurisdiction over all related state claims. 28 U.S.C. § 1367.

29.     Venue is proper as the transaction(s) at issue and/or the events giving rise to the claim(s) occurred in this District. 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL CAUSES OF ACTIONS

30.     On or about November 8, 2021, Plaintiff Alcira Burgdoerfer attended a conference hosted by Million Dollar Round Table at the Marriot Downtown Philadelphia Hotel, which was also attended by other Prudential employees and supervisors, including Defendant Oeser.

31.     On or about November 8, 2021, defendant **MILLION DOLLAR ROUND TABLE** owned the premises located at 1201 Market Street, Philadelphia, PA 19107.

32.     On or about November 8, 2021, defendant **MILLION DOLLAR ROUND TABLE** its agents, servants and/or employees operated the aforementioned premises.

33.     On or about November 8, 2021, defendant **MILLION DOLLAR ROUND TABLE** its agents, servants and/or employees maintained the aforementioned premises.

34.     On or about November 8, 2021, defendant **MILLION DOLLAR ROUND TABLE** its agents, servants and/or employees controlled the aforementioned premises.

35.     On or about November 8, 2021, defendant **MILLION DOLLAR ROUND TABLE** its agents, servants and/or employees had a duty to inspect the aforementioned premises.

36.     On or about November 8, 2021, Defendant **MARRIOTT**, owned the premises located at

1201 Market Street, Philadelphia, PA 19107.

37.     That at all times herein mentioned, the Defendant, **MARRIOTT,** was licensed as a bar by the Alcoholic Beverage Commission of Prudential, and/or the Pennsylvania Liquor Authority.

38.     That at all times herein mentioned, alcoholic beverages were sold to such persons as were patrons of the said bar and/or place of business of **MARRIOTT**, its agents, lessees and/or employees.

39.     That at all times relevant herein, Defendant **MARRIOTT**, was the beneficial owner, and pursuant to agreement, had and enjoyed all of the beneficial and equitable interests in the premises.

40.     That at all times relevant herein, Defendant **MARRIOTT**, was the managing agent of the aforesaid premises.

41.     That at all times hereinafter mentioned, Defendant **MARRIOTT**, maintained the premises known as 1201 Market Street, Philadelphia, PA 19107.

42.     That at all times hereinafter mentioned, Defendant, **MARRIOTT**, controlled the premises known as 1201 Market Street, Philadelphia, PA 19107.

43.     That at all times hereinafter mentioned, Defendant **MARRIOTT**, its agents, servants and/or employees had the duty to inspect the aforementioned premises.

44.     On or about November 8, 2021, Plaintiff **ALCIRA BURGDOERFER** was lawfully at the aforementioned premises known as 1201 Market Street, Philadelphia, PA 19107.

45.     That at all times hereinafter mentioned, Defendant **MICHAEL OESER** was acting within the scope of his employment with Defendant **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**.

46.     That Defendant **MICHAEL OESER** harassed Plaintiff **ALCIRA BURGDOERFER**.

47.     That Defendant **MICHAEL OESER** stalked, harassed, aggravated, menaced, endangered,

intimidated and threatened Plaintiff, **ALCIRA BURGDOERFER,** at the premises known as 1201 Market Street, Philadelphia, PA 19107 ("subject premises") during his employment.

48.    That Defendant **MICHAEL OESER** stalked, harassed, aggravated, menaced, endangered, assaulted, intimidated and threatened Plaintiff, **ALCIRA BURGDOERFER,** at the premises during his employment, as part of his duties, to serve his employer's interests.

49.    Additionally, before and after the date of the incident, Defendant, Prudential, invited, hosted and served alcohol at several events for their employees, including Plaintiff, on Sunday, November 7, 2021 at a "meeting before the meeting" event at the subject premises and another event The Capital Grille located at 1338-46 Chestnut Street, Philadelphia, PA on November 9, 2021.

50.    That upon information and belief, the defendants, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE, and MARRIOTT,** intentionally and deliberately encouraged and supported defendant **MICHAEL OESER** stalking, harassment, aggravation, menacing, endangerment, intimidation and threats against Plaintiff, **ALCIRA BURGDOERFER,** at the premises, which were part of his duties, to serve defendant's, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** business interests.

51.    That upon information and belief, the defendants, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE and MARRIOTT,** had actual and constructive knowledge of Defendant **MICHAEL OESER's** escalating bad behavior toward Plaintiff, **ALCIRA BURGDOERFER,** which made it foreseeable that a sexual attack would occur, as against Plaintiff, **ALCIRA BURGDOERFER**.

52.    That upon information and belief, despite defendants **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE and**

**MARRIOTT'S** actual and constructive knowledge of Defendant **MICHAEL OESER's** escalating abusive behavior toward Plaintiff, **ALCIRA BURGDOERFER,** defendants took no action to diffuse the situation, or otherwise correct and/or modify Defendant **MICHAEL OESER's** behavior, toward Plaintiff, **ALCIRA BURGDOERFER.**

53.     That Defendant, **MICHAEL OESER** abused his power and sexually harassed Plaintiff, **ALCIRA BURGDOERFER,** by subjecting her to sexual harassment, battery, assault, and a hostile work environment.

54.     Specifically, Plaintiff was seated at the same table as Defendant Oeser during the work-related conference hosted by Million Dollar Round Table, located at the Philadelphia Marriott Downtown 1201 Market Street Philadelphia, PA 19107.

55.     While Plaintiff was seated at the same table as Defendant Oeser, **ALCIRA BURGDOERFER** was subjected to sexual harassment and unwanted sexually forcible touching and physical advances and sexually and racially charged comments and epithets by **MICHAEL OESER** who was visibly intoxicated on November 8, 2021 during a work-related conference at the **MARRIOTT** located at 1201 Market Street, Philadelphia, PA 19107.

56.     Plaintiff was subjected to racially disparaging comments involving an offer of employment to be a babysitter for Mr. Oeser's children because Plaintiff is a Hispanic woman and speaks with a Hispanic accent. Additionally, Mr. Oeser, who was visibly intoxicated, while attending a work-related function at the Philadelphia Marriott Downtown engaged in sexual harassment and unwanted sexually forcible touching and physical advances, on November 8, 2021 during a work-related conference hosted by Million Dollar Round Table, located at the Philadelphia Marriott Downtown 1201 Market Street Philadelphia, PA 19107.

57.     Specifically, that on November 8, 2021, Defendant **MICHAEL OESER** sexually

assaulted and battered Plaintiff **ALCIRA BURGDOERFER** on the premises operated by Defendants **MILLION DOLLAR ROUND TABLE and MARRIOTT.**

58.     That upon information and belief, security guards employed by Defendants **PRUDENTIAL**, **MILLION DOLLAR ROUND TABLE and MARRIOTT,** had the duty to protect Plaintiff from being sexually harassed, sexually battered, and sexually assaulted.

59.     That on or about November 8, 2021, while at the premises known as 1201 Market Street, Philadelphia, PA 19107, and owned, operated, managed and controlled by Defendants **MILLION DOLLAR ROUND TABLE and MARRIOTT**, Defendant **MICHAEL OESER** forcibly and inappropriately smacked Plaintiff's buttocks and physically assaulted and sexually attacked Plaintiff, **ALCIRA BURGDOERFER,** as she attempted to arise from her seat at the subject table.

60.     Plaintiff **ALCIRA BURGDOERFER** felt that it was an extremely uncomfortable situation to be in and that Plaintiff was disappointed that no one intervened.

61.     Plaintiff complained about this harassment on the same day to staff of Defendants **MDRT and MARRIOTT.** Plaintiff also complained about this harassment to Defendant, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.**

62.     However, the Defendant **PRUDENTIAL** did not properly and adequately conduct an investigation in response to Plaintiff's complaints of harassment against Michael Oeser and failed to keep Plaintiff's complaint confidential.

63.     At all times relevant hereto, **MICHAEL OESER** was acting within the course and scope of his employment and the performance of his duties for **PRUDENTIAL.**

64.     In the alternative, the actions of **MICHAEL OESER** were motivated by his own personal animus.

65.     Defendant **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** did not

follow their proper internal protocols in response to Plaintiff's complaint of harassment at all relevant times.

66.    As a result of the sexual assault, battery, negligence, and hostile work environment, Plaintiff **ALCIRA BURGDOERFER** suffered serious injuries and continues to receive treatment.

67.    That Defendant **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE, and MARRIOTT,** had the ability or reasonable opportunity to control the aggressor and that the harm complained of was foreseeable.

68.    That upon information and belief, the Defendants **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE, and MARRIOTT,** had actual knowledge of Defendant, **MICHAEL OESER's** history and propensity for sexual violence and harassment against Plaintiff and/or others.

69.    That upon information and belief, the Defendants **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE, and MARRIOTT** had actual knowledge of Defendant, **MICHAEL OESER's** propensity for sexual violence and sexual harassment against Plaintiff and/or others, but desired to bring about the consequences of the act with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue against Plaintiff.

70.    That upon information and belief, the Defendants **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MILLION DOLLAR ROUND TABLE, and MARRIOTT,** had the ability or reasonable opportunity to control the aggressor and that the harm complained of was foreseeable.

71.    That at all times hereinafter mentioned, it was the duty of **PRUDENTIAL**, **MILLION DOLLAR ROUND TABLE, and MARRIOTT**, its agents, servants and/or employees to provide

for the safety, protection and well-being of persons who were lawfully present upon said premises.

72.    At all times relevant herein, Michael Oeser was an employee, agent, and/or servant of Prudential.  Prudential is liable for the harm to Plaintiff resulting from the conduct of their employee, agent and/or servant because Prudential knew or should have known their employees' unfitness and propensities at the time of his hire, retention and/or prior to Oeser's sexual abuse and/or assault on Plaintiff.

73.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer damages including but not limited to great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

**Causes of Action**

**COUNT I –VICARIOUS LIABILITY**
**PLAINTIFF ALCIRA BURGDOERFER v. THE PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA**

69.    Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

70.    Oeser engaged in unpermitted, harmful and offensive sexual conduct and contact upon the person of Plaintiff in violation of Pennsylvania law. Said conduct was undertaken while Oeser was an employee, agent and/or servant of the The Prudential Insurance Company of America while in the course and scope of said employment, agency or servitude with Defendant The Prudential Insurance Company of America.

71.     Defendant The Prudential Insurance Company of America are vicariously liable for the acts of Michael Oeser as Defendant controls the day-to-day operations of its various locations and the property by, including but not limited to, dictating/directing policies for each business location, training employees, requiring compliance with said policies, performing inspections of locations for purposes of ensuring that all offices are complying with all required policies of The Prudential Insurance Company of America and having the right to terminate an employee for not following Defendants' policies and procedures in its operations.

72.     Prior to the sexual abuse and/or assault alleged above, upon information and belief, Defendant The Prudential Insurance Company of America knew, had reason to know, or were otherwise on notice of the unlawful sexual conduct of Oeser, and/or other employees, agents and/or servants at various locations. Defendants failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct by Oeser, including, but not limited to, reporting Oeser to local law enforcement.  Furthermore, at no time during the periods of time alleged did the Defendant The Prudential Insurance Company of America have in place a system or procedure to supervise and/or monitor employees, representatives or agents, and/or third parties to ensure they did not sexually assault and/or abuse visitors, employees, patrons, and/or vulnerable individuals such as Plaintiff.

73.     Moreover, incidents of sexual abuse and assault by Michael Oeser were neither isolated nor unusual.

74.     Upon information and belief, Defendants, for years, failed to reprimand, punish, report, terminate or otherwise sanction employees which it knew or had reason to know were sexual predators and/or mentally ill, including, but not limited to, Oeser.

75.     Defendants' knowing acquiescence and silence with respect to the known, or reasonably knowable activities of sexual predators and/or mentally ill individuals, including, but not limited to, Oeser, constituted a course of conduct through which acts of sexual perversion and the violation of customers, employees, patrons and/or visitors were condoned, approved, and effectively authorized and ratified.

76.     Despite actual knowledge of multiple instances in which a sexual predator was employed, transferred, re-hired and/or assigned to positions within Defendants' locations and despite the foreseeable risk that said sexual predators would engage in acts of sexual perversion, abuse and/or assault, Defendants did not have in place (or failed to enforce) adequate, reasonable, and necessary rules, regulations, policies, and procedures which could effectively identify, and deal with sexual predators.

77.     Through Defendants' failures to timely reprimand, terminate, report and/or sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendants ratified said actions and, accordingly, are vicariously liable for the actions of Oeser.

78.     As a result of the above-described conduct, Plaintiff Alcira Burgdoerfer has suffered and continues to suffer damages including but not limited to great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has

incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

WHEREFORE, Plaintiff demands judgment against Defendant, The Prudential Insurance Company of America, with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT II-NEGLIGENCE
## PLAINTIFF ALCIRA BURGDOERFER V. ALL DEFENDANTS

79.    Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

80.    Defendants, by and through their agents, servants and employees, knew or reasonably should have known of Oeser's dangerous and exploitive propensities and/or that Oeser was an unfit agent and/or employee. It was foreseeable that if Defendants did not adequately exercise or provide the duty of care owed to individuals in their care, including, but not limited to Plaintiff, or, if not in their care, those that it knew or should have known would be exposed to Oeser, that said individuals would be vulnerable to sexual assaults and/or abuse by employees, including Oeser.

81.    Defendants owed to the public in general, and to Plaintiff in particular, a duty to reasonably identify, remove, and/or report (to law enforcement authorities) individuals who it knew, or should have known, were sexual predators in its service, agency and/or employ.

82.    Defendants owed to the public in general, and to Plaintiff in particular, a duty to reasonably supervise and/or monitor individuals who it knew, or should have known, were sexual predators in its service, agency and/or employ.

83.     Defendants owned, operated, maintained and/or controlled the hotel and/or conference area and had a duty to provide property management and security services, which includes a duty to guard against and/or warn of dangerous or potentially dangerous conditions upon the premises and/or to remove and/or warn about potentially dangerous occupants on the premises who were dangerous to the Plaintiff, other occupants, and/or visitors.

84.     At all times relevant and material hereto, the Defendants had actual and/or constructive notice of this type, and other types of dangerous activity, occurring at the conference area, for a sufficient time prior to Plaintiff's injuries to have taken measures to protect against the known dangerous condition.

85.     Defendants breached their duty to the Plaintiff, Alcira Burgdoerfer, by committing one or more of the following negligent acts and/or omissions:

   a.   Failing to maintain a safe and secure premise;
   b.   Failing to employ safeguards to prevent and/or deter the above described incident;
   c.   Failing to provide adequate security personnel for the premises;
   d.   Failing to properly create and/or utilize proper security procedures;
   e.   Failing to oversee and/or supervise existing security procedures/measures to ensure that such measures/procedures were being properly performed;
   f.   Failing to improve existing security measures/procedures that they knew, or in the exercise of reasonable care should have known, were inadequate and/or ineffective and/or inefficiently performed or executed.
   g.   Failing to provide reasonable and adequately trained personnel;
   h.   Failing to provide reasonable and adequate instruction, training and/or supervision to employees, agents, representatives, servants and/or other personnel in connection with providing security services;
   i.   Creating and/or exposing Plaintiff to foreseeable and unreasonable risk of criminal assault within the premises;
   j.   Failing to protect Plaintiff from being assaulted;
   k.   Failing to exercise reasonable care to discover that such dangerous activity is occurring and/or like to occur;
   l.   Failure to reasonably and properly investigate and/or report allegations of sexual assault and/or violent crime;
   m.   Failure to properly train and instruct investigators;
   n.   Failure to have in place standards of acceptable and unacceptable conduct;

o.      Failure to formulate, effectuate, and enforce policies to prevent and/or minimize the risk of assault and/or sexual assault to individuals and/or patrons and/or employees and/or visitors by credentialed individuals, agents, servants, and/or employees of Defendants;

p.      Failure to designate competent investigators to evaluate complaints of sexual assault;

q.      Failure to have in place standards for reporting acts of sexual misconduct to law enforcement authorities;

r.      failure to properly police and control its premises so that Plaintiff could remain in a safe premises without interference and without undergoing vicious attacks, threats and/or sexual assaults by other such persons;

s.      failure to conduct a security, or crime audit/ review of the premises and surrounding area and to provide adequate protection for Plaintiff while lawfully upon said premises;

t.      failure to coordinate safety measures with the police and provide a safe environment for Plaintiff and other persons lawfully upon said premises;

u.      failure to provide appropriate and sufficient supervisory/ security personnel to ensure the safety of the Plaintiff and persons similarly situated;

v.      failure to protect Plaintiff and other persons similarly situated from foreseeable injuries and damages;

w.      failure to report, secure and restrain violent and sexually violent persons and/or employees on Defendants premises after having notice of said person's violent and/or sexually violent propensities;

x.      failure by Defendants to provide appropriate security measures, systems and/or adequate personnel for the safety of individuals, patrons, employees, and/or visitors even though they knew or should have known that there were prior violent and criminal incidents on the premises and surrounding area;

y.      failure to keep a proper lookout for the safety of Plaintiff and others;

z.      failure to warn persons lawfully upon said premises of the dangerous conditions, such as inadequate number of security personnel on the premises where Plaintiff was sexually assaulted;

aa.     failure to maintain/repair, install or monitor adequate security cameras and/or lighting, and/or other security measures on said premises which contributed to the dangerous conditions existing thereon;

bb.     failing to have in place adequate security measures to prevent the occurrence after assuming a duty of security;

cc.     violating the duties imposed upon defendant as a land possessor pursuant to the Restatement of Torts, Seconds §§ 302B, 314, 315, 323, 343, 344 and 371, as adopted in Pennsylvania; and

dd.     failing to discharge a legal, assumed, and/or contractual duty to provide security and safety to persons including plaintiff.

86.     Having been in the care of Defendants at the time under circumstances such as to deprive Plaintiff of her entitlement to safe care and protection, Defendants owed to Plaintiff a duty

to aid and/or protect her and to control the actions of third parties, as set forth in Restatement (Second) of Torts §§ 314A(4), 315.

87.     Having been in the care of Defendants at the time under circumstances such as to deprive Plaintiff of her normal opportunities for protection, Defendants owed to Plaintiff a duty to control the acts of its agents, servants, and/or employees.

88.     At all times relevant hereto, Defendants did not have in place (or failed to enforce) adequate, reasonable, and necessary rules, regulations, policies, and procedures which could effectively identify (and deal with) sexual predators.

89.     Despite actual knowledge of multiple instances in which a sexual predator was employed, transferred, re-hired and/or assigned to positions within Defendants' locations and despite the foreseeable risk that said sexual predators would engage in acts of sexual perversion, abuse and/or assault, Defendants did not have in place (or failed to enforce) adequate, reasonable, and necessary rules, regulations, policies, and procedures which could effectively identify, and deal with sexual predators.

90.     At all times relevant hereto, Defendants did not have in place adequate, reasonable, and necessary rules, regulations, policies, and procedures for the supervision and/or removal of sexual predators in the employ and/or service of Defendants.

91.     At all times relevant hereto, Defendants did not have in place adequate, reasonable, and necessary rules, regulations, policies, and procedures which provided for the reporting to criminal authorities sexual predators in the employ and/or service of Defendants.

92.     As set forth in this Complaint, Defendants failed to fulfill its legal duty to protect Plaintiff and other individuals, clients and/or patients from the depraved and vile acts of its employees, including Oeser.

93.     Moreover, the negligent, reckless, intentional, outrageous, deliberately and/or reckless indifference and unlawful conduct of Defendants, as set forth above and herein, further consisted of:

a.     permitting employees, including Oeser, to sexually assault other employees, including Plaintiff;

c.     permitting Oeser to violate Pennsylvania criminal statutes including Sexual Assault (18 Pa. C.S.A. §3124.1), Aggravated Indecent Assault (18 Pa. C.S.A. §3125), and Indecent Assault (18 Pa. C.S.A. §3126);

d.     failing to properly and adequately supervise and discipline its agents, employees and/or servants to prevent the sexual assault that occurred to Plaintiff;

e.     failing to adopt, enforce and/or follow adequate policies and procedures for the protection and reasonable supervision of individuals who engaged the services of Defendants, including Plaintiff, and, in the alternative, failing to implement and comply with such procedures which had been adopted;

f.     failing to implement, enforce and/or follow adequate protective and supervisory measures for the protection of individuals who would be exposed to agents, employees and/or servants of Defendants, including Plaintiff;

g.     creating an environment that facilitated sexual assault by Oeser on Plaintiff;

h.     failing to adopt, enforce and/or follow policies and procedures to protect individuals against harmful contact by third parties, its agents, employees and/or servants, including Oeser;

i.     breaching the duties imposed by Restatement (Second) of Torts, § 324A, as adopted in Pennsylvania;

j.     failing to warn Plaintiff of the risk of harm posed by Oeser after Defendants knew or should have known of such risk;

k.     failing to warn Plaintiff of the risk of sexual assault during work as was known and foreseeable to Defendants;

l.     violation of duties imposed by Restatement (Second) of Agency § 213 and Restatement (Second) of Torts § 317, as adopted in Pennsylvania;

m.     failing to warn Plaintiff of the risk of harm that Plaintiff may suffer as a result of contact with Oeser;

n.     failing to warn or otherwise make reasonably safe the property which Defendants possessed and/or controlled, leading to the harm of Plaintiff; and

o.     failing to adopt/implement and/or enforce policies and procedures for the reporting to law enforcement;

94.     Defendants had a duty to oversee and monitor all persons who worked in and provided services, and/or care to individuals, clients, and/or customers within its facilities.

Defendants had a duty to provide a reasonably safe premises free from known or reasonably foreseeable dangerous conditions.

95.     As a direct and proximate consequence of the negligence, carelessness, recklessness, and/or willful and wanton conduct of Defendants in failing to exercise ordinary care in credentialing, qualifying, selecting, retaining, overseeing and monitoring Michael Oeser, Plaintiff was damaged sexually, physically, mentally and emotionally. The injuries suffered by Plaintiff are substantial, continuing and will last for the rest of her life.

96.     At all times relevant hereto, Defendants did not have in place adequate, reasonable, and necessary rules, regulations, policies, and procedures with respect to the removal and/or supervision of individuals who it credentialed or associated with or in its employ, agency or service who were suspected of being sexual predators.

97.     Defendants failed to reasonably supervise and/or monitor individuals who it knew, or should have known, were sexual predators it credentialed or associated with or in its service, agency and/or employ.

98.     As a result of the above-described conduct, Plaintiff has suffered and continues to suffer damages including but not limited to great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

WHEREFORE, Plaintiff demand judgment against Defendants, jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive

damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT III - NEGLIGENCE PER SE
## PLAINTIFF ALCIRA BURGDOERFER v. ALL DEFENDANTS

99.      Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

100.      Defendants' allowing, permitting, ratifying and/or failing to prevent indecent contact between Oeser and other persons, including Plaintiff, constitutes per se violations of 18 Pa.C.S.A § 3126 Relating to Indecent Assault and 18 Pa.C.S.A § 2709 Relating to Harassment.

101.      As a direct result of the aforementioned conduct, Plaintiff suffered severe and permanent harm as described above.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF ALCIRA BURGDOERFER v. ALL DEFENDANTS

102.      Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

103.      Defendants, by and through their contact with Plaintiff, as described above, negligently and/or recklessly committed multiple acts of extreme and outrageous conduct which

caused severe emotional, psychological, and psychiatric injuries, distress, and harm to plaintiff, which also manifested in physical injuries to Plaintiff as set forth above in an extreme, outrageous and harmful manner.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT V - NEGLIGENT MISREPRESENTATION
## PLAINTIFF ALCIRA BURGDOERFER v. ALL DEFENDANTS

104.      Plaintiff incorporates each and every preceding averment as though fully set forth herein.

105.      Defendants negligently misrepresented material facts to Plaintiff, namely that the Downtown Philadelphia Marriott area was fit to render adequate, competent and appropriate security services to persons, including but not limited to Plaintiff and that she was not in danger.

106.      Defendants made these misrepresentations under circumstances and at a time when they knew or should have known of the falsity of these representations.

107.      Defendants made these representations with a reckless disregard for the truth or falsity of such statements and/or with an intent to induce Plaintiff to act on the representations, which, in turn, exposed Plaintiff to harm.

108.      Plaintiff's justifiable reliance on Defendants' misrepresentations resulted directly in injury to Plaintiff as described above and such injuries and damages were legally caused by the justifiable reliance upon Defendants' misrepresentations.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive

damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT VI – NEGLIGENT FAILURE TO RESCUE
## PLAINTIFF v. ALL DEFENDANTS

109.    Plaintiff incorporates herein by reference all the allegations contained throughout this complaint as though the same were fully set forth herein at length.

The negligence and recklessness of Defendants, directly and proximately caused the injuries and damages to plaintiff described herein, including:

a.    Failing to take reasonable and necessary steps to rescue plaintiff Alcira Burgdoerfer after placing her in a perilous position;

b.    Failing to exercise reasonable and necessary steps to prevent further harm after rendering plaintiff Alcira Burgdoerfer in danger of further harm;

c.    Failing to take reasonable and necessary steps to give aid or assistance to Plaintiff after rendering her in danger of further harm;

d.    Failing to take reasonable and necessary steps to prevent the delay in appropriate care of plaintiff;

e.    Violation of the duties set forth in Restatement (Second) of Torts, Sections 314A, 321, and 322, as adopted in Pennsylvania.

110.    As a proximate and direct result of defendants' breaches described in the preceding paragraph, plaintiff Alcira Burgdoerfer, sustained psychological and physical harms and injuries as described above.

111.    The aforementioned incidents resulted from the negligence and/or recklessness of defendants and was due in no manner whatsoever to any act or failure to act on part of plaintiff, Alcira Burgdoerfer.

112.    WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of

suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable

Court deems equitable, just and proper.

## COUNT VII – VICARIOUS LIABILITY
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS MARRIOTT HOTEL
## SERVICES INC. and MILLION DOLLAR ROUND TABLE

113.     On or about November 8, 2021, Plaintiff attended a conference hosted by MDRT at the

Downtown Philadelphia Marriott.

114.     On or about November 8, 2021, Defendant Oeser also attended a conference hosted

by MDRT at the Downtown Philadelphia Marriott.

115.     The Defendants Marriott and MDRT negligently served Defendant Oeser alcohol

while visibly intoxicated.

116.     As a result, Defendant Oeser sexually assaulted and battered Plaintiff, thereby

causing injuries to Plaintiff.

117.     The above-described accident resulted solely from the negligence, carelessness and

recklessness of the defendants herein and was due in no manner whatsoever to any act of failure

to act on the part of the decedent and/or plaintiffs.

118.     As a proximate and direct result of the above described accident, Plaintiff Alcira

Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with

all other defendants and individually and collectively for damages, interest, cost of suit, punitive

damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems

equitable, just and proper.

## COUNT VIII – NEGLIGENCE

**PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS MARRIOTT HOTEL
SERVICES INC. and MILLION DOLLAR ROUND TABLE**

119.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1

through 18 as though same were set forth at length herein.

120.     At all times material hereto, defendants were licensed to dispense alcoholic

beverages by the Commonwealth of Pennsylvania and owned and operated reception areas at the

Downtown Philadelphia Marriott located in Philadelphia, Pennsylvania.

121.     Defendants  regularly do and solicits business and engage in a persistent course of

conduct in the Commonwealth of Pennsylvania, and also derive substantial revenue from services

rendered to citizens of the Commonwealth.

122.     At all times material hereto, defendants acted or failed to act through their agents,

servants, workmen, and/or employees who were then and there acting in the course and scope of

such relationship.

123.     Prior to November 8, 2021, defendants were issued a liquor license(es) by the

Pennsylvania Liquor Control Board permitting the retail sale of alcoholic beverages at the

restaurants and/or bars known as The Downtown Philadelphia Marriott, located in Philadelphia,

Pennsylvania.

124.     On or about November 8, 2021, Plaintiff Alcira Burgdoerfer and Defendant

Michael Oeser, were business invitees and patrons of the aforesaid premise(s).

125.     On the aforesaid date, defendants negligently served alcohol to Michael Oeser, who

consumed numerous alcoholic beverages and defendants continued to serve said beverages while

Michael Oeser**,** was visibly intoxicated.

126.     On or about the aforesaid dates and time, at the aforesaid place, Michael Oeser, was

observed by numerous patrons and employees in an obvious state of intoxication.

127.    On or about the aforesaid dates and time, at the aforesaid place, defendants' employees were aware that Michael Oeser was visibly intoxicated.

128.    On or about November 8, 2021, Michael Oeser was visibly intoxicated due to the consumption of alcoholic beverages.

129.    On or about November 8, 2021, Michael Oeser sexually assaulted and battered Plaintiff Alcira Burgdoerfer while he was visibly intoxicated.

130.    The sexual attack was caused by the consumption of alcoholic beverages which substantially impaired Michael Oeser's ability to function

131.    The injuries sustained by Plaintiff Alcira Burgdoerfer was due solely to the negligence, carelessness and recklessness of the defendants herein and was due in no manner to any act or failure to act on the part of the decedent.

132.    The negligence of the defendants herein consisted of any or all of the following:

    a.    serving alcoholic beverages to the decedent at a time when the decedent was in a visibly intoxicated state in violation of 47 P.S. §4-493(l).

    b.    negligently hiring, training, educating, screening and retaining its employees;

    c.    serving Michael Oeser alcoholic beverages in such quantity as to render him intoxicated and unable to maintain his normal senses and protect himself and others against harm;

    d.    failing to protect Michael Oeser at a time when they knew or in the exercise of reasonable care should have known of his impaired senses;

    e.    failing to stop serving alcoholic beverages to Michael Oeser when they knew or in the exercise of reasonable care should have known of his impaired judgment and intoxicated state;

    f.    failure to supervise the bar and bar personnel to insure proper alcohol service policies were being followed;

    g.    violations of Pennsylvania Liquor Code;

    h.    fostering an atmosphere conductive to drinking to excess thereby creating a forseeable risk of severe injury or death, as a result of Michael Oeser driving while intoxicated;

    i.    such other acts and omissions as constitute negligence, carelessness and recklessness as may become apparent during discovery; and

    j.    violations of applicable state and local laws and statutes.

133.     As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT IX – BATTERY
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANT MICHAEL OESER

134.     Plaintiff repeat and reallege by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

135.     On or about November 8, 2021, **MICHAEL OESER** intentionally slapped Plaintiff's buttocks.

136.     **MICHAEL OESER's** physical touching of Plaintiff was intentional, unwelcomed, and offensive.

137.     **MICHAEL OESER** acted in his individual capacity and inside the scope of his employment when he intentionally and forcibly fondled Plaintiff's slapped Plaintiff's buttocks.

138.     That **MICHAEL OESER's** sexual attack and offensive conduct committed against Plaintiff **ALCIRA BURGDOERFER**, amounted to a series of harmful and offensive contacts to Plaintiff' person, all of which were done intentionally by **MICHAEL OESER** without Plaintiff's consent.

139.     That by reason of the foregoing, the Plaintiff was caused to suffer injury, pain, discomfort, disability, and mental and emotional shock and distress and were damaged thereby.

140.     That Plaintiff have been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

141.      That Plaintiff are entitled to punitive damages as Defendant's wrongdoing evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations.

142.      As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT X – ASSAULT
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANT MICHAEL OESER

143.      Plaintiff repeat and reallege by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

144.      That **MICHAEL OESER's** sexual attack and offensive conduct committed against Plaintiff **ALCIRA BURGDOERFER** amounted to a series of events creating a reasonable apprehension in Plaintiff of immediate harmful and offensive contact to Plaintiff's person, all of which were done intentionally by **MICHAEL OESER** without Plaintiff's consent.

145.      **MICHAEL OESER** acted in his individual capacity and outside the scope of his employment when he intentionally and forcibly slapped Plaintiff's buttocks.

146.      That by reason of the foregoing, the Plaintiff was caused to suffer injury, pain, discomfort, disability, and mental and emotional shock and distress and was damaged thereby.

147.      That Plaintiff **ALCIRA BURGDOERFER** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

148.      That Plaintiff is entitled to punitive damages as Defendant's wrongdoing evinces a

high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations.

149.     As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANT MICHAEL OESER

150.     Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

151.     That defendant **MICHAEL OESER** engaged in conduct toward Plaintiff that was extreme and outrageous so as to exceed the bounds of decency in a civilized society, namely, he violently attacked Plaintiff at the premises.

152.     That, by his actions and conduct, **MICHAEL OESER** intended to and did intentionally or recklessly cause Plaintiff **ALCIRA BURGDOERFER** severe emotional distress.

153.     **MICHAEL OESER** acted in his individual capacity and inside the scope of his employment when he intentionally and forcibly slapped Plaintiff's buttocks.

154.     That by reason of the foregoing, the Plaintiff was caused to suffer injury, pain, discomfort, disability, and mental and emotional shock and distress and was damaged thereby.

155.     That defendant **MICHAEL OESER's** extreme and outrageous conduct was knowing, malicious, willful, and wanton.

156.     That Plaintiff **ALCIRA BURGDOERFER** have been damaged in an amount

which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

157.     That Plaintiff **ALCIRA BURGDOERFER** is entitled to punitive damages as Defendants' wrongdoing evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations.

158.     As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT XII – NEGLIGENT HIRING AND NEGLIGENT SECURITY
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS MARRIOTT and MILLION DOLLAR ROUND TABLE

159.     Plaintiff, **ALCIRA BURGDOERFER,** repeats, reiterates and realleges each and every allegation set forth above, with the same force and effect as if more fully set forth at length therein.

160.     That at all times herein mentioned, it was the duty of the defendants, **MARRIOTT and MILLION DOLLAR ROUND TABLE,** by and through their agents and/or employees, to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to act as bartenders, security guards, bouncers, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises and/or place of business.

161.     That at all times herein mentioned, the defendants, **MARRIOTT AND MILLION**

**DOLLAR ROUND TABLE,** failed to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to act as bartenders, security guards, bouncers, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises and/or place of business.

162.    That at all times herein mentioned, the defendants, **MARRIOTT and MILLION DOLLAR ROUND TABLE,** failed to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and responsibilities of its servants, agents, bartenders, security guards, bouncers, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises and/or place of business.

163.    Defendant knew or should have known of the danger of serving alcohol to intoxicated persons and its need to adequately protect the public from such intoxicated persons by hiring training retention and supervision of its agents, servants, and/or employees.

164.    As the proximate and foreseeable consequence of Defendant, including its agents, servants and/or employees negligent acts in failing to prevent the intoxication of Defendant **MICHAEL OESER**, Defendants **MARRIOTT and MILLION DOLLAR ROUND TABLE** contributed to Plaintiff's injuries and damages.

165.    That by reason of the foregoing, this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

166.    As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with

all other defendants and individually and collectively for damages, interest, cost of suit, punitive

damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems

equitable, just and proper.

### COUNT XIII – VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW, NEW YORK STATE EXECUTIVE LAW 296, ET SEQ, PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS PRUDENTIAL AND OESER

167.        Plaintiff re-alleges and incorporates by reference each and every allegation in this

Complaint as though fully set forth herein

168.        Plaintiff is a female employee of Prudential.

169.        Defendants illegally discriminated against Plaintiff by creating a hostile work

environment for Plaintiff based on her gender, race and national origin. The hostile work

environment created by Defendants were sufficiently pervasive so as to detrimentally alter the

terms, conditions and privileges of Plaintiff's employment than other employees because of her

gender.

170.        As a result of Defendants Michael Oeser and Prudential's unlawful conduct,

Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings,

lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational

harm, emotional and physical distress, mental anguish, and other economic damages and non-

economic damages.

171.        Plaintiff is entitled to all remedies available for violations of the New York State

Human Rights Law, including back pay, front pay, compensatory damages, punitive damages,

attorneys' fees, costs, and other appropriate relief.

172.        As a proximate and direct result of the above described accident, Plaintiff Alcira

Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT XIV - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW—GENDER, RACIAL AND NATIONAL ORIGIN, DISCRIMINATION IN TERMS, CONDITIONS, AND PRIVILEGES
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS PRUDENTIAL AND OESER

173.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein

174.     Plaintiff is a female employee of Prudential.

175.     Defendant Michael Oeser participated in the conduct giving rise to this claim. He aided, abetted, incited, compelled, or coerced the unlawful acts alleged herein.

176.     Defendants have subjected Plaintiff to discrimination in the terms, conditions, or privileges of employment in violation of the New York State Human Rights Law. Defendants have treated Plaintiff differently from and less preferably than similarly situated males and non-Hispanic employees.

177.     Plaintiff's sex, race, and/or national origin, have been a determining factor in Defendants' subjecting of Plaintiff to discrimination in the terms, conditions, or privileges of employment.

178.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and

physical distress, mental anguish, and other economic damages and non-economic damages

179.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to all remedies available for violations of the New York State Human Rights Law, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

180.     As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT XV - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW— SEXUAL HARASSMENT PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS PRUDENTIAL AND OESER

181.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

182.     Plaintiff is a female employee of Prudential.

183.     Defendant Michael Oeser, participated in the conduct giving rise to this claim. He aided, abetted, incited, compelled, or coerced the unlawful acts alleged herein.

184.     Defendants Michael Oeser, and Prudential subjected Plaintiff to unwelcome sexual harassment based on her sex. Defendants Michael Oeser and Prudential subjected Plaintiff to unwelcome sexual conduct, including sexual comments and sexual advances. Plaintiff rejected the unwelcome sexual advances and coercion perpetrated by Michael Oeser.

185.     Plaintiff's reaction to that conduct was used as the basis for decisions affecting the compensation, terms, conditions, or privileges of her employment. Among other things, as a result

of Plaintiff's rejection of Michael Oeser's sexual advances, Defendants obstructed Plaintiff's ability to perform her work.

186.     A reasonable woman would consider that she was being treated less well than other employees under all of the circumstances. Plaintiff actually considered that she was being treated less well than other employees because she is female

187.     A reasonable person would have considered the conduct to be significant and not trivial or petty. Plaintiff actually considered the conduct to be significant and not trivial or petty.

188.      Defendants created, enabled, and maintained a sexually hostile work environment.

189.     Defendant Prudential knew of Michael Oeser's conduct and accepted it and/or failed to take immediate and appropriate corrective action.

190.     Moreover, in the exercise of reasonable care, Defendant Prudential should have known of Michael Oeser's conduct and failed to exercise reasonable diligence to prevent such conduct.

191.     Defendant Prudential lacks a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees, agents, and persons employed as floater attorneys and for taking appropriate action against those persons who are found to have engaged in such practices.

192.     Defendant Prudential fails to effectively communicate a firm policy against such practices to employees, agents, and persons employed on the premises.

193.     Defendant Prudential lacks a program to educate employees and agents about unlawful discriminatory practices under state laws.

194.     Defendant Prudential lacks procedures for the supervision of employees and agents and for the oversight of persons employed on the premises specifically directed at the prevention

and detection of such practices.

195.     As a result of Defendants Michael Oeser, and Prudential's unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

196.     Plaintiff is entitled to all remedies available for violations of the New York State Human Rights Law, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

197.     As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

## COUNT XVI - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW— HOSTILE WORK ENVIRONMENT
## PLAINTIFF ALCIRA BURGDOERFER V. DEFENDANTS PRUDENTIAL AND OESER

198.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

199.     Plaintiff is a female employee of Prudential.

200.     Defendants Michael Oeser participated in the conduct giving rise to this claim. He aided, abetted, incited, compelled, or coerced the unlawful acts alleged herein.

201.     Defendants subjected Plaintiff to a hostile work environment based on her sex, race and national origin.

202.     The hostile work environment included sexual comments, sexual advances, unwanted and inappropriate touching, and the obstruction of Plaintiff's work. All of this conduct was unwanted.

203.     A reasonable woman would consider that she was being treated less well than other employees under all of the circumstances.

204.     A reasonable person would have considered the conduct to be significant and not trivial or petty. Plaintiff actually considered the conduct to be significant and not trivial or petty.

205.     Defendants created, enabled, and maintained a sexually hostile work environment.

206.     Defendants Prudential knew of Defendants Michael Oeser's conduct and accepted it and/or failed to take immediate and appropriate corrective action.

207.     Moreover, in the exercise of reasonable care, Defendants Prudential should have known of Defendants Michael Oeser's conduct and failed to exercise reasonable diligence to prevent such conduct.

208.     Defendant Prudential lacks a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees, agents, and persons employed on the premises and for taking appropriate action against those persons who are found to have engaged in such practices.

209.     Defendant Prudential fails to effectively communicate a firm policy against such practices to employees, agents, and persons employed on the premises.

210.     Defendant Prudential lacks a program to educate employees and agents about unlawful discriminatory practices under local, state, and federal laws.

211.     Defendant Prudential lacks procedures for the supervision of employees and agents and for the oversight of persons employed on the premises specifically directed at the prevention and detection of such practices.

212.     By reason of the continuous nature of Defendant's discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

213.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

214.     Plaintiff is entitled to all remedies available for violations of the New York State Human Rights Law, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

215.     As a proximate and direct result of the above described accident, Plaintiff Alcira Burgdoerfer suffered injuries.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally with all other defendants and individually and collectively for damages, interest, cost of suit, punitive damages, in a sum in excess of $50,000, and such other remedies as this Honorable Court deems equitable, just and proper.

**LAFFEY, BUCCI & KENT, LLP**

**By:**   _/s/ M. Stewart Ryan_____
BRIAN D. KENT, ESQUIRE
M. STEWART RYAN, ESQUIRE
Attorneys for Plaintiff, Alcira Burgdoerfer

**MARK DAVID SHIRIAN P.C.**

**By:** _/s/ **Mark D. Shirian**_____

MARK D. SHIRIAN, ESQUIRE
(*Pro Hac Vice* Application Forthcoming)
Attorneys for Plaintiff, Alcira Burgdoerfer